BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>PARENTS on behalf of STUDENT,<br><br>v.<br><br>LAFAYETTE SCHOOL DISTRICT. | OAH CASE NO. 2009040640<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE DISTRICT'S MOTION TO DISMISS |

On April 16, 2009, attorney Lina Foltz, on behalf of Student, filed with the Office of Administrative Hearings (OAH) a due process hearing request (complaint) against the Lafayette School District (District).

On May 4, 2009, attorney Sarah L. Daniel filed, on behalf of District, a motion to dismiss. On May 11, 2009, Student filed a response.

APPLICABLE LAW

The statute of limitations for due process complaints in California precludes claims that occurred more than two years prior to the date of filing the request for due process. (Ed. Code, § 56505, subd. (l); see also 20 U.S.C. § 1415(f)(3)(C).) However, Title 20 United States Code section 1415(f)(3)(D) and Education Code section 56505, subdivision (l), establish exceptions to the statute of limitations in cases in which the parent was prevented from filing a request for due process due to specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint, or the local educational agency's withholding of information from the parent that was required to be provided to the parent.

Federal and state courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. (*Allen v. McCurry* (1980) 449 U.S. 90, 94 [101 S.Ct. 411, 66 L.Ed.2d 308]; *Levy v. Cohen* (1977) 19 Cal.3d 165, 171 [collateral estoppel requires that the issue presented for adjudication be the same one that was decided in the prior action, that there be a final judgment on the merits in the prior action, and that the party against whom the plea is asserted was a party to the prior action]; see 7 Witkin, California Procedure (4th Ed.), Judgment § 280 et seq.) Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their agents from relitigating issues that were or could have been raised in that action. (*Allen, supra*, 449 U.S. at p. 94.) Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that

decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. (*Ibid.*; *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341; see also *Migra v. Warren City School Dist. Bd. of Ed.* (1984) 465 U.S. 75, 77, n. 1 [104 S.Ct. 892, 79 L.Ed.2d 56] [federal courts use the term "issue preclusion" to describe the doctrine of collateral estoppel].) The doctrines of res judicata and collateral estoppel serve many purposes, including relieving parties of the cost and vexation of multiple lawsuits, conserving judicial resources, and, by preventing inconsistent decisions, encouraging reliance on adjudication. (*Allen, supra,* 449 U.S. at p. 94; see *University of Tennessee v. Elliott* (1986) 478 U.S. 788, 798 [106 S.Ct. 3220, 92 L.Ed.2d 635].) While collateral estoppel and res judicata are judicial doctrines, they are also applied to determinations made in administrative settings. (See *Pacific Lumber Co. v. State Resources Control Board* (2006) 37 Cal.4th 921, 944, citing *People v. Sims* (1982) 32 Cal.3d 468, 479; *Hollywood Circle, Inc. v. Department of Alcoholic Beverage Control* (1961) 55 Cal.2d 728, 732.)

A party aggrieved by the findings and decisions in a due process hearing may appeal to a competent court of jurisdiction within 90 days of receipt of the hearing decision. (Ed. Code, § 56505, subd. (k).)

## DISCUSSION

Student's complaint alleges that District failed to meet its Child Find obligations by not timely and properly assessing Student for eligibility to receive special education services. Student's complaint also asserts that the District did not assess Student in all areas of suspected disability and that its assessments were not properly conducted. Finally, Student contends that after the District found Student eligible to receive special education services that the District did not develop an Individualized Educational Program that was reasonably calculated to allow Student to receive meaningful education benefit.

The District asserts in its motion to dismiss that Student's claims that occurred before April 16, 2007, are barred by the two-year statute of limitations. Additionally, the District contends that all of Student's claims are barred by the doctrines of collateral estoppel and res judicata because the parties are presently in hearing on the same issues in *Lafayette School District v. Student,* OAH Case No. 2008120161.

*Statute of Limitations*

Student alleges, in Issues One through Six, claims against the District that occurred before April 16, 2007, regarding the District's failure to timely find Student eligible to receive special education services and failing to timely and properly assess Student. Student does not allege any facts in the complaint that would toll the two-year statute of limitations. The fact that Student's parents were not aware and had no reason to know that the District violated the Individuals with Disabilities Education Act is not grounds to toll the two-year statute of limitations. The language in Education Code section 56505, subdivision (l), refers

2

to a parent's knowledge of the underlying facts, which Student's parents knew about when they occurred, according to the complaint.

The complaint and Student's response contain no allegation that the District made specific misrepresentations that it had resolved the problem or that it withheld information required to be provided, which prevented Parents from filing a complaint. Therefore, Student's claims that occurred before April 16, 2007, are outside the two-year statute of limitations. (*Student v. Pleasanton Unified School District, Alameda County Office of Education, and Alameda County Behavioral Health Care Services* (2007) OAH Case No. 2007030300.)

*Collateral Estoppel and Res Judicata*

There is overlap between Student's claims in this action and the issues for hearing in the District's case, OAH Case No. 2008120161, which is presently in hearing. As noted above, collateral estoppel and res judicata apply to final judgments on the merits. Under California law, an action is "pending" from the time of its commencement until its final termination upon appeal or until the time for appeal has expired. (Code Civ. Proc., § 1049; *Anderson v. Schloesser* (1908) 153 Cal. 219.) Therefore, collateral estoppel and res judicata do not apply in this case because there is no final decision in the District's case.

## ORDER

1.   The District's motion to dismiss all claims in Student's complaint that occurred before April 16, 2007, is granted.

2.   The District's motion to dismiss Student's complaint based on collateral estoppel and res judicata is denied.

Dated: May 13, 2009

/s/
PETER PAUL CASTILLO
Administrative Law Judge
Office of Administrative Hearings

3

## DECLARATION OF SERVICE

Case Name: **MARSH, CAMERON**  OAH No.: 2009040640

I, Elisa Galindo, declare as follows: I am over 18 years of age and am not a party to this action. I am employed by the Office of Administrative Hearings. My business address is 2349 Gateway Oaks Drive, Suite 200, Sacramento, CA 95833. On May 13, 2009, I served a copy of the following document(s) in the action entitled above:

### ORDER GRANTING IN PART AND DENYING IN PART THE DISTRICT'S MOTION TO DISMISS

to each of the person(s) named below at the addresses listed after each name by the following method(s):

[see attached service list or]

Lina Foltz
GOUGH & FOLTZ
11 Embarcadero West, Suite 230
Oakland, CA 94607
*Official Copy Via US Mail*

Dana Sassone
Lafayette ESD
3477 School Street
P.O. Box 1029
Lafayette, CA 94549
*Official Copy Via US Mail*

Elana and Michael Marsh
3638 Bickerstaff Road
Lafayette, CA 94549
*Official Copy Via US Mail*

☒ **United States Mail.** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above, and placed the envelope or package for collection and mailing, in accordance with the Office of Administrative Hearings' ordinary business practices, in Sacramento, California. I am readily familiar with the Office of Administrative Hearings' practice for collecting and processing documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid [ ☐ by certified mail].

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed at Sacramento, California on May 13, 2009.

/s/
_____
Elisa Galindo, Declarant