United States District Court
For the Northern District of California

1

2

3

4

5           IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   M.M. & E.M.,                           No. C 10-04223 SI

9              Plaintiffs,                 **ORDER GRANTING IN PART AND
                                           DENYING IN PART PLAINTIFFS'**
10    v.                                   **MOTION TO SUPPLEMENT THE
                                           RECORD**
11  LAFAYETTE SCHOOL DISTRICT,

12              Defendant.
     _____/
13

14          Plaintiffs moved to introduce additional evidence to supplement the administrative record.  A

15  hearing was held on this matter on October 28, 2011.  For the reasons set forth below, the Court hereby

16  GRANTS IN PART and DENIES IN PART plaintiffs' motion to supplement the record.

17

18                          **BACKGROUND**

19          This action, brought under the Individuals with Disabilities Education Act ("IDEA") and Section

20  504 of the Rehabilitation Act, concerns a dispute over the educational opportunities provided to C.M.,

21  a child who has been identified as an individual with learning disabilities.  This is the third of three

22  lawsuits filed in the wake of two administrative due process hearings.  M.M. and E.M., individually and

23  on behalf of their son C.M, are suing the Lafayette School District ("District") and the Lafayette School

24  Board ("School Board").

25          The District conducted an initial psychoeducational assessment of C.M. in April 2007.  In

26  September 2008, M.M. and E.M. requested an independent educational evaluation ("IEE") of C.M.

27  Several months later, in December 2008, the District filed a complaint ("2008 OAH Case") requesting

28  a due process hearing before the Office of Administrative Hearings ("OAH") in order to determine the

**United States District Court**
For the Northern District of California

1   validity of its April 2007 assessment, determine whether it was liable to reimburse C.M.s parents for

2   the IEE, and determine whether it had a right to conduct its own reassessment of C.M.  After holding

3   a hearing, the ALJ issued a decision on July 1, 2009, finding that the parents were entitled to

4   reimbursement of half the expenses associated with the IEE and that the District had a right to proceed

5   with a new assessment; the ALJ did not rule on whether the initial assessment was valid.  This decision

6   forms the basis of plaintiffs' complaint in *M.M., et al., v. Lafayette School District, et al.,* No. 09-4624

7   ("2008 OAH Appeal").

8          Meanwhile, on April 16, 2009, C.M. filed an administrative complaint requesting a separate due

9   process hearing to address (1) whether the District timely identified and evaluated C.M. for possible

10  disabilities, (2) whether the District's April 2007 assessment was appropriately conducted and identified

11  all of C.M.'s educational needs, and (3) whether the individualized education program ("IEP")

12  formulated as a result of the April 2007 assessment was developed and maintained in accordance with

13  IDEA mandates.  On May 13, 2009, a different ALJ determined that the first two categories of claims

14  were time-barred and granted the District's motion to dismiss those claims.  The ALJ's dismissal order

15  forms the basis of plaintiffs' complaint in *M.M., et al. v. Lafayette School District, et al.,* No. 09-3668

16  SI ("2009 OAH Interim Appeal").

17         Then, on August 28, 2009, C.M. filed another complaint with OAH, which was consolidated

18  with the pending 2009 OAH Case.  On June 21, 2010, a third ALJ issued a decision in favor of the

19  District on all issues in the consolidated due process hearing.  The ALJ ruled that (1) the District

20  provided C.M. with a free and appropriate public education ("FAPE") for the time period of April 2007

21  through June 2009, and (2) C.M. is not entitled to receive reimbursement or compensatory education.

22  *See* First Am. Compl., Ex. 1 at 48.  This decision forms the basis of plaintiffs' complaint in the case at

23  bar, *M.M., et al. v. Lafayette School District, et al.,* No. 10-4223 ("2009 OAH Final Appeal").

24         On June 2, 2010, the Court granted the District's motion to dismiss the 2009 OAH Interim

25  Appeal without prejudice to refiling once the ALJ has issued a final decision in the underlying

26  administrative proceedings.  Case 09-3668 SI, Doc. 53.  Plaintiffs have since appealed that order to the

27  Ninth Circuit Court of Appeals.

28         On December 6, 2010, the Court granted in part a motion to dismiss the 2008 OAH Appeal filed

by the District, the School Board, and several other defendants.  The Court dismissed with prejudice two claims that alleged violations of IDEA procedural safeguards in connection with specific actions taken by the District, because the IDEA does not provide a private right of action to enforce these procedural safeguards outside of an administrative hearing and appeal of an administrative determination.  Case 09-4624 SI, Doc. 83, 4-6.  The Court also dismissed with prejudice a procedural due process claim brought under Section 1983, granted the District's motion to strike plaintiffs' request for expert fees, and dismissed certain claims against another defendant not named in this case.  *Id.*  Shortly thereafter, the Court consolidated the 2008 OAH Appeal and the 2009 OAH Final Appeal.  Doc. 10.

On March 3, 2011, the Court granted in part defendants' motion to dismiss the 2009 OAH Final Appeal, the case at bar.  The Court dismissed with prejudice plaintiffs claims that alleged violations of IDEA procedural safeguards, for the same reasons similar claims were dismissed in the 2008 OAH Appeal - the IDEA does not provide a private right of action to enforce these procedural safeguards. Case 09-4223 SI, Doc. 28 at 6.  The Court dismissed with leave to amend plaintiffs' claim alleging discrimination under Section 504 of the Rehabilitation Act.

C.M. thereafter filed a Second Amended Complaint ("SAC"), the operative complaint in the 2009 OAH Final Appeal, the case at bar.  The SAC brings six claims for relief against all defendants. The first is for reversal of the ALJ's May  2009 dismissal order in the 2009 OAH Case finding certain claims time barred.  The second is for reversal of the final June 2010 ALJ order in the 2009 OAH Case finding the District did not deny CM a free appropriate public education.  The third is for attorney's fees and costs. The fourth claim is a retaliation claim brought under Section 504 fo the Rehabilitation Act, and the fifth is a discrimination claim brought under Section 504.

Currently before the Court is plaintiff's September 9, 2011 motion to supplement the administrative record with various documents, emails, and expert testimony.  Defendant filed an opposition on September 23, and the plaintiffs filed a reply on September 30.  At the hearing held October 28, 2011, the defendant stipulated to supplementing the record with two of plaintiff's requested documents, as noted below.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEGAL STANDARD**

Congress created the Individuals with Disabilities Education Act to meet the unique needs of disabled children by making available a free and appropriate public education. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 181 (1982); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th Cir.1993). The IDEA contains numerous procedural safeguards to assure that schools meet these unique needs. *Ojai, 4 F.3d at 1469.* Parents may file a complaint with the school district regarding the services provided under their child's individual education plan ("IEP"), and may pursue an administrative hearing if the complaint is unresolved. *Id.* If unhappy with the result of the hearing, parents may appeal the results through a civil action in state or federal court. *Rowley,* 458 U.S. at 176.

When a party appeals the administrative hearing result, the provisions of the IDEA place the court in a unique position. The IDEA provides, in pertinent part, that "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C)(ii). As a result, the court may give less than the usual deference to the administrative hearing officer's findings of fact. *Ms. S. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1126 (9th Cir.2003), *superseded by statute in non-relevant part*, *M.L. v. Fed. Way Sch. Dist.*, 394 F.3d 634 (9th Cir.2005). Complete de novo review, however, is inappropriate, because this would negate the administrative hearing process. *See id.* Due weight must be accorded to the administrative findings, and the court determines how much weight to give to these findings and to any additional evidence it deems appropriate to admit. *See Ojai*, 4 F.3d at 1473; *see also Rowley*, 458 U.S. at 206; *Vashon*, 337 F.3d at 1127.

The IDEA allows a party to request that the court hear "additional evidence." 20 U.S.C. § 1415(i)(2)(C)(ii). The Ninth Circuit has construed "additional" evidence to mean "supplemental" information. *Ojai*, 4 F.3d at 1472. "Reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* at 1472-73 (citing *Rowley*, 458 U.S. at 206). The Ninth Circuit recently affirmed that "under our precedent, evidence that is non-cumulative, relevant, and

4

1    otherwise admissible constitutes 'additional evidence' that the district court shall consider pursuant to

2    20 U.S.C. § 1415(i)(2)(C)(ii)." *E.M. v. Pajaro Valley Unified Sch. Dist.*, 652 F.3d 999, 1005 (9th Cir.

3    2011).

4

5                                    **DISCUSSION**

6           Plaintiffs seek to supplement the administrative record with ten pieces of evidence. They also

7    argue that the Court should consider the records from the two administrative hearings underlying this

8    case and the 2008 OAH Appeal (No. 09-4624) together, because the records form an "inextricably

9    related whole." Pl.'s Mot. at 3.  Plaintiffs' claims will be discussed in turn.

10

11   **I.       Psychologist Dr. Guterman's April 15, 2011 Assessment Report of C.M.**

12          Plaintiffs seek to introduce an April 15, 2011 reading assessment of C.M. conducted by Dr. Tina

13   Guterman.  Dr. Guterman was one of plaintiff's expert witnesses at the hearing.  Plaintiffs argue that

14   the report, along with testimony by Dr. Guterman to explain the meaning of the report, are relevant to

15   the dispute over whether C.M. made gains through the end of his 2008-2009 school year.  Pl.'s Reply

16   at 5.  Defendants argue that the evidence is not probative of C.M.'s needs during the time period at issue

17   in the hearing, and that granting evidence of C.M.'s current needs would greatly expand the scope of

18   this appeal "and convert it into a trial de novo."  Def.'s Opp. at 11 (*citing Ojai*, 4 F.3d at 1469).

19          A similar issue was recently faced by the Ninth Circuit in *E.M. v. Pajaro Valley*, 652 F.3d 999

20   (9th Cir. 2011).   There, the district court had denied the plaintiff's request to supplement the

21   administrative record with a psychologist's report conducted after the administrative hearing, because

22   it was "not necessary to evaluate the ALJ's determination."  *Id.* at 1005.  The Ninth Circuit disagreed

23   with the court's "necessity" analysis, instead reiterating that "the proper inquiry was whether the report

24   was relevant, non-cumulative, and otherwise admissible."  *Id.*  The court found that § 1415(i)(2)(C)(ii)

25   allows for after-acquired information, as  it could be useful "to provide significant insight into the

26   child's condition, and the reasonableness of the school district's action, at the earlier date."  *Id.* The

27   court thereupon remanded to the district court to consider whether the report was relevant as to whether

28   the school district met its obligations to the child under the IDEA.  *Id.*

United States District Court
For the Northern District of California

Here, Dr. Guterman's report may be relevant to plaintiff's claim that C.M. did not make the gains contended by the District during the 2008-2009 school year.  As the court stated in *Pajaro Valley*, "the intent of 20 U.S.C. § 1415(i)(2)(C)(ii) is that the school district's 2004 actions be reviewed with the help available in 2007."  *Id.*  Here, the after-acquired report from Dr. Guterman, and testimony explaining the report, may be helpful to understanding the school district's earlier actions.  The Court therefore  GRANTS plaintiff's request to supplement the record with Dr. Guterman's April 15, 2011 report and testimony explaining the report.[1]

## II.    Principal Mary Maddux's Email Regarding C.M.'s Assessment Wall Card

Plaintiffs seek to introduce an email from Principal Mary Maddux to Director of Student Services Dana Sassone, sent April 17, 2009, regarding annual assessments of C.M. that were recorded on the School's "assessment wall."  Pl.'s Mot. at 8.  Plaintiffs contend that they did not know at the time of the hearing that the District "had withheld the information that is described in the body of the email."  Pl.'s Mot. at 9.  This is one piece of plaintiffs' general claim that the District failed to provide material information regarding C.M.'s educational needs that "would have given C.M.'s parents reason to question whether interventions would be effective in the future."  Pl.'s Mot. at 8.  Defendant argues that the email is cumulative of the vast amounts of information already in the record about C.M.'s levels of performance during the years in issue.  Defendants further argue that M.M's declaration proves that plaintiffs  already have the information described in the email, except for unexplained "ELS Survey documents" that are not relevant to the issues in this case.  Def.'s Opp. at 6-7.

In his declaration, M.M. states that, "We have never been provided copies of the student cards or ELS Survey documents that were described in the April 17, 2009 correspondence."  M.M. Decl., ¶ 3.  The Court finds that the email may be relevant to plaintiffs' claims that the District improperly withheld information from them regarding C.M.'s educational development.  The Court therefore GRANTS plaintiffs' request to supplement the record with this email.  Plaintiff also states offhandedly

---

[1]     Granting this request, however, does not open the door to Plaintiffs to introduce a battery of evaluations and other evidence regarding C.M.'s current status.  Dr. Guterman's report is deemed admissible for the limited purpose of disputing the District's contentions, if any, regarding specific gains made by C.M. during the 2008-2009 school year.

in the same section of their brief that "Plaintiffs have not conducted depositions yet in this case but should be entitled to do so and to supplement the record accordingly." Pl.'s Mot. at 8. This statement is vague and potentially overbroad, and to the extent it contains a request to conduct depositions regarding this email, is DENIED.

**III.     Email from Defendant's Attorney Sarah Daniel to the California Department of Education**

At the October 28, 2011 hearing, defendant stipulated to supplementing the record with the January 26, 2009 email from Sarah Daniel to Anita Salvo. The Court therefore GRANTS plaintiffs' motion to supplement the record with the email.

**IV.     December 9, 2008 Letter from E.M. to Director of Student Services Dana Sassone**

Plaintiffs seek to supplement the record with a December 9, 2008 letter sent from plaintiff E.M. to Dana Sassone, and a December 12, 2008 email among District staff showing compliance with that request. Pl.'s Mot. at 9. The letter requests a series of educational records related to C.M. As with the assessment wall email requested *supra*, Section II, plaintiffs argue that this letter supports their contention that defendants withheld material records they were entitled to receive. They further claim that this record request was not relevant until they "learned after the hearing that the school district withheld documents responsive to [the] request." Pl.'s Mot. at 9. Defendants argue on the merits that they provided the educational records requested by plaintiffs, and that any records not provided were not "pupil records" of the type the District must provide under Cal. Educ. Code § 49061(b). Def.'s Opp. at 4.

Defendant's argument may well be meritorious. Nonetheless, the instant motion to supplement the record is not the appropriate forum to argue the merits of plaintiffs' underlying allegation that defendant unlawfully failed to produce the records; that issue can be properly disputed at the summary judgment stage. Here, plaintiffs seek only to introduce a letter sent by them to the school and the school's internal response, discussing other, related records. As the letter is relevant to plaintiffs' claim, as well as non-cumulative, the Court GRANTS plaintiff's motion to supplement the record with the December 9, 2008 letter and the District's December 12, 2008 email.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**V.      October 15, 2008 Letter from Dana Sassone to Plaintiffs**

Plaintiffs seek to introduce an October 15, 2008 letter sent from Dana Sassone to plaintiffs.  The letter discusses, *inter alia*, the March 2008 IEP meeting in which, as the letter states, "school staff discussed with the family the assessment of [speech pathologist] Dr. Swain."  Pl.'s Opp., Ex. 5, Supp 0012.  Plaintiffs argue the letter is relevant to dispute the ALJ's finding that 'since no assessments were presented at this IEP meeting, the attendance of a school psychologist, speech language pathologist, or occupational therapist was not needed to interpret any assessment results." Pl.'s Mot. at 10.  Plaintiffs also argue the letter is relevant to dispute the ALJ's finding that C.M.'s parents withheld a report written by Dr. Loomos from the District, because it generally shows that "C.M.'s parents did not withhold reports or information about private evaluations from [the District]."  Pl.'s Reply at 10.

Defendant argues that the parents received the letter on or around October 15, 2008, and that defendant included it as an exhibit in both administrative hearings below.  At the end of the 11th day of hearing in the second administrative hearing, neither party had used the exhibit with any witness, and the District withdrew it.  Plaintiff did not object at the time.  "Not including the document [at] a hearing twice, not introducing it into evidence, not objecting to its withdrawal, and not attaching it as an exhibit here is not excusable neglect - it is just neglect and does not provide good cause to admit the document now."  Def.'s Opp. at 9.  Furthermore, defendant argues, the letter is  not relevant to plaintiffs' claims.

The Court agrees with defendant.  The letter is not after-acquired information unavailable at the hearing of the type discussed in *Ojai* and *Pajaro Valley*.  652 F.3d at 1005.  Nor is it information that was unknown to the parents prior to the hearing; indeed, it was an exhibit at the underlying hearing until it was withdrawn without objection.  Def.'s Opp. at 9.  The current review of the administrative decisions below is not to become a trial de novo.  *Ojai*, 4 F.3d at 1469.  Moreover, the letter does not support the very claims for which plaintiff seeks to introduce it.  The ALJ found that "no assessments were presented at the IEP meeting," and therefore experts were not needed to interpret assessment results.  Pl.'s Mot. at 10.  The letter does not contradict that finding.  As defendant points out, Dr. Swain's report was not issued until March 24, 2008, 6 days *after* the March 18, 2008 meeting.  While the assessment may have been "discussed" at the meeting, the District could not have been expected to invite to the meeting a speech pathologist to interpret plaintiff's lay interpretation of an unwritten report.

Def.'s Opp. at 10.  Plaintiff also attempts to bolster the letter's relevance by claiming that it shows plaintiffs did not *generally* withhold reports (since they discussed Dr. Swain's at the March meeting), and thus the letter provides ammunition to attack the ALJ's finding that they withheld an entirely different report written by Dr. Loomos.  Pl.'s Mot. at 10.  This argument is a stretch.  The two reports are unrelated.  The plaintiffs' request to admit the October 15, 2008 letter is DENIED.

**VI.     September 18, 2008 Letter from Dana Sassone to Principal Mary Maddux**

Plaintiffs seek to introduce a letter from Dana Sassone to Principal Mary Maddux describing various issues following an IEP meeting, and includes the statement that "7. Eligibility form says that [Response to Intervention] documentation is attached but nothing is attached. [Please] attach."  Pl.'s Mot, Ex. 6, Sp 0013.  Plaintiffs argue that this demonstrates that, contrary to the hearing officer's findings, the school district was required to provide Response to Intervention documentation in conjunction with C.M.'s initial IEP team meeting to determine his eligibility and unique needs.  Pl.'s Mot. at 10.  Defendant argues that IDEA allows districts to determine eligibility for special education using either a Response to Intervention model, or a Severe Discrepancy model, and that the hearing officer correctly concluded the District used a severe discrepancy model.  Def.'s Opp. at 5.  Therefore, defendant argues, the email is irrelevant as the RTI requirements do not apply here.

As discussed in Sections II and IV, *supra*, the Court will not engage the underlying merits of plaintiffs' claims at this juncture.  Defendant may be correct that it has sufficiently provided all required documentation to plaintiffs, and that the severe discrepancy model was a correct or lawful approach. However, the plaintiffs may make their argument that certain information was unlawfully withheld from them, and this email is relevant to that argument.  The plaintiff's request with respect to the September 18, 2008 letter is therefore GRANTED.

**VII.    Notice of IDEA Procedural Safeguards**

At the October 28, 2011 hearing, defendant stipulated to supplementing the record with the Notice of IDEA Procedural Safeguards.  The Court therefore GRANTS plaintiffs' motion to supplement the record with this document.

9

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VIII.    Corrected Transcript of Expert Dr. Loomos' Transcript**

Plaintiffs seek to supplement the record by offering what they describe as a corrected transcript of Dr. Loomos' testimony at the administrative hearing.  Plaintiffs include declarations by both Dr. Loomos and plaintiffs' attorney Lina Foltz that the corrected transcript accurately reflects the actual testimony of Dr. Loomos at the hearing.  See Decl. of Loomos at 1-2; Decl. of Foltz attached to Reply, at 1.  The Court accepts these declarations as evidence of the accurate testimony of Dr. Loomos.  Plaintiffs' request to supplement the record with the corrected transcript of Dr. Loomos' hearing testimony is therefore GRANTED.

**IX.     Expert Testimony That Was Excluded at the Hearing**

Plaintiffs seek to introduce witness testimony that was excluded at the hearing based upon OAH's rule requiring disclosure of witnesses at least three days prior to the prehearing conference.  Plaintiffs argue that this rule is in conflict with the IDEA and state law requirements that bar testimony not disclosed five days before the hearing (as opposed to the prehearing conference).  Plaintiffs argue that the IDEA preempts OAH's conflicting policies that require disclosure earlier than IDEA itself.

Plaintiffs rely on 20 U.S.C. § 1415(f)(2).  That section states that "Not less than 5 business days prior to a hearing . . . each party shall disclose to all other parties all evaluations completed by that date, and recommendations based on the offering party's evaluations, that the party intends to use at the hearing."  Defendants correctly argue that this is a rule of exclusion to ensure procedural fairness.  State law that is consistent with the IDEA may supplement it.  OAH's rule here provides greater protections to both parties.  *See Union School Dist. v. Smith*, 15 F.3d 1519, 1527 (9th Cir. 1994).  The Court will not implicitly overturn the OAH's rule here by admitting expert testimony excluded by the ALJ below.

Plaintiffs' motion to supplement the record with expert testimony that was excluded by the ALJ below pursuant to OAH rules is DENIED.

**X.     National Standards for Credentialing of School Psychologists**

One of plaintiffs' claims on the merits is that Michelle Charpentier, the District's psychologist intern that conducted C.M.'s initial evaluation, was not qualified as a school psychologist.  To support

United States District Court
For the Northern District of California

this argument, they seek to introduce a 22-page document written by the National Association of School Psychologists discussing the standards for credentialing of school psychologists, along with testimony regarding the publication from a qualified expert. Pl.'s Opp. at 12. They argue "such testimony is relevant to the qualifications of the student intern, is non-cumulative, and otherwise admissible." Defendants argue that the relevance of the evidence is highly speculative and cumulative "to the extreme," as there has already been extensive testimony and other evidence in the administrative hearings about Ms. Charpentier's training, experience, and qualifications. Def.'s Opp. at 11 (*citing* TRI75:5-78:10, 86:20-87:23; TRII1559:14-1561:14, 1571:14-21).

The Court agrees with defendants. Testimony that is specific to Ms. Charpentier's training is already in the record. Testimony regarding national standards that are less specific are less relevant and, and this stage, overly cumulative. The plaintiffs request to supplement the record with the NASP publication is DENIED.

## XI.   Plaintiffs' Request that the Court Consider the Records from Both Administrative Hearings Together

Plaintiffs separately argue that the "two administrative decisions after hearings form an inextricably related whole in the two consolidated cases before this Court." Pl.'s Mot. at 2. Therefore, the Court should consider the record from the first administrative hearing here "because it forms the foundation for the hearing officer's formulation of issues and the decisions that are challenged here." Pl.'s Mot. at 2. In other words, the plaintiffs want the Court to consider the underlying records of the 2008 OAH Appeal (No. 09-4624) along with the underlying record of the 2009 Final OAH Appeal here (No. 09-4223). The Court will not issue a wholesale order either including or excluding the record of the 2008 OAH Appeal. There may be evidence in that record which will be relevant, non-cumulative, and admissible. Other evidence may be non-admissible for a variety of reasons. The Court does note that it will not treat this federal action as a trial de novo, and thus will largely focus on the record before the individual ALJ relevant to this appeal. *Ojai*, at 1472. However, plaintiffs may seek to introduce evidence from the 2008 OAH Appeal record where it is relevant, non-cumulative, and admissible, subject to objection from defendant.

1

2                                         **CONCLUSION**

3         For the reasons above and for good cause shown, the Court hereby GRANTS plaintiffs' motion

4   to supplement the record with:

5              •      Dr. Guterman's April 15, 2011 Assessment Report of C.M.

6              •      Mary Maddux's Email Regarding C.M.'s Assessment Wall Card

7              •      Sarah Daniel's Email to the California Department of Education

8              •      E.M.'s December 9, 2008 Letter to Dana Sassone

9              •      Danna Sassone's September 18, 2008 Letter to Mary Maddux

10             •      The Notice of IDEA Procedural Safeguards

11             •      The Corrected Transcript of Expert Dr. Loomos' Transcript

12

13        The Court hereby DENIES plaintiffs' motion to supplement the record with:

14             •      Dana Sassone's October 15, 2008 Letter to Plaintiffs

15             •      Expert Testimony that was Excluded at the Hearing Pursuant to OAH Rules

16             •      The National Standards for Credentialing of School Psychologist

17

18        **IT IS SO ORDERED.**

19

20   Dated: October 31, 2011                          _____
                                                      SUSAN ILLSTON
21                                                    United States District Judge

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California