UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LAFAYETTE SCHOOL DISTRICT, et al.,<br><br>　　　　Defendants. | Case No. 10-cv-04223-SI<br><br>ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFFS' MOTION TO SUPPLEMENT THE SAC<br><br>Re: Dkt. Nos. 121, 123 |

Before the Court are two motions: defendants' motion for judgment on the pleadings, Dkt. No. 121, and plaintiffs' motion to file a supplement to their Second Amended Complaint, Dkt. No. 123. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing currently scheduled for November 20, 2015. For the reasons set forth below, the Court hereby DENIES the motion for judgment on the pleadings and DENIES the motion to supplement the Second Amended Complaint.

**BACKGROUND**

This action, brought under the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act, concerns a dispute over the educational opportunities provided to C.M., a child who has been identified as an individual with learning disabilities. The facts and procedural history of this case are complex. A detailed summary and timeline are set forth in the Court's February 7, 2012 order regarding the parties' cross-motions for summary judgment, Dkt. No. 78, as well as in the Ninth Circuit Court of Appeals Opinion, *M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842 (9th Cir. 2014). For brevity, the Court now recites only the background relevant to the motions at hand.

1   This case involves three related actions filed in this Court between 2009 and 2010, two of
2   which are now closed.[1]  Plaintiffs filed their Second Amended Complaint ("SAC") in this case on
3   March 21, 2011.  Dkt. No. 29.  On February 7, 2012, the Court ruled on the parties' cross-motions
4   for summary judgment.  Dkt. No. 78.  The Court granted defendants' motion for summary
5   judgment and denied the majority of plaintiffs' motion.  *Id*. at 48.

6   Plaintiffs appealed to the Ninth Circuit, which affirmed in part, reversed in part, and
7   remanded the case.  The appeals court found, in relevant part:

> Although the district court granted the [Lafayette School] District's motion for summary judgment, which included the question whether the District had any ill motive in requesting [a] reevaluation [of C.M.], we agree that the district court erred by not explicitly addressing their § 504 claim. Additionally, the parents assert that "[d]iscovery was still pending on CM's retaliation claims" when the district court issued its final order. We therefore remand the issue to the district court for it to consider the claim in the first instance.

*M.M.*, 767 F.3d at 862.  Mandate returning the case to this Court was issued on December 12, 2014.  Dkt. No. 105.

On May 8, 2015, the parties filed a Joint Case Management Statement prior to appearing before the Court at a case management conference on May 15.  *See* Dkt. No. 110.  At the conference, the Court requested that the parties submit briefing on the remaining areas of dispute following remand.  Plaintiffs sought to reopen discovery on their Section 504 retaliation claim. Dkt. No. 112 at 15.  They also asked the Court to permit supplementation of the administrative record in light of the Ninth Circuit's finding that the school district denied C.M. a free appropriate public education ("FAPE").  *Id*. at 15-16; Dkt. No. 110 at 7.  Defendants indicated that they planned to file a motion for judgment on the pleadings, and they argued that at minimum discovery should not reopen until after the Court had ruled on the motion.  Dkt. No. 111 at 18-19.

On August 27, 2015, the Court issued an order regarding case management.  Dkt. No. 116. The Court ordered that defendants file their motion for judgment on the pleadings by September 18, 2015.  *Id*. at 11.  The Court further stated that "[i]f defendants' motion fails, at that time the parties may present the Court with a proposed discovery plan limited to the Section 504

---

[1] The closed cases are Case Nos. 09-3668 and 09-4624.

2

reassessment retaliation claim only." *Id*. The Court also ordered plaintiffs to file their motion to supplement the administrative record by September 18, 2015. *Id*. at 9. The Court clarified: "Such motion shall be limited to the specific categories of reimbursement and compensation that this Court previously denied in its February 7, 2012 order. Any other compensation or reimbursement is unavailable as a remedy at this time." *Id*.

On September 16, 2015, the parties filed a stipulation, which the Court ordered, extending the deadline for the filing of the parties' motions to October 9, 2015. Dkt. Nos. 118, 119. On October 12, 2015, a court holiday, defendants filed their motion for judgment on the pleadings.[2] Dkt. No. 121. Alongside the motion, defendants filed a request for judicial notice. Dkt. No. 121-1. On October 13, 2015, plaintiffs filed their motion to file a supplement to their Second Amended Complaint. Dkt. No. 123. Each party filed an opposition to the other's motion on October 27, 2015. Dkt. Nos. 126, 127, 128. The parties filed their replies on November 3, 2015. Dkt. Nos. 129, 130.

## LEGAL STANDARD

### I.   Legal Standard under FRCP 12(c)

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.*

Motions under Rule 12(c) are "functionally identical" to motions under Rule 12(b)(6). *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir.

---

[2] That same day, defendants also filed a motion to amend the September 16, 2015 order to accommodate the late filing and explained the reason for the delay. Dkt. No. 120. On October 15, 2015, the Court granted the motion and deemed the motion for judgment on the pleadings to have been timely filed. Dkt. No. 124.

1   2011). Thus, to survive a motion for judgment on the pleadings, a plaintiff must allege "enough
2   facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.
3   544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up
4   to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556
5   U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a
6   plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."
7   *Twombly*, 550 U.S. at 555, 570.

## II.   Legal Standard under FRCP 15(d)

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Motions to supplement pleadings under Rule 15(d) are to be granted liberally "absent a showing of prejudice to the defendant." *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988); *see also Raduga USA Corp. v. United States Dep't of State*, 440 F. Supp. 2d 1140, 1150 (S.D. Cal. 2005) (explaining that motions under Rule 15(d) "should be granted absent undue delay, dilatory tactics, undue prejudice, or futility") (citations omitted).

## DISCUSSION

### I.   Defendants' Motion for Judgment on the Pleadings

At the heart of plaintiffs' Section 504 retaliation claim is their request for an independent educational evaluation ("IEE") of C.M. Plaintiffs allege that on September 17, 2008, when C.M. was in third grade and receiving special education services from the Lafayette School District ("District"), C.M.'s parents requested an IEE. SAC ¶¶ 30, 50. At this point, the IDEA required the District to, "'without unnecessary delay,' either provide the requested IEE or file a due process complaint . . . ." *M.M.*, 767 F.3d at 849 n.3 (citing 34 C.F.R. § 300.502(b)(2); Cal. Educ. Code § 56329(c)); SAC ¶ 53. On September 25, 2008, the District's Director of Student Services, Dr. Dana Sassone, responded to the IEE request by proposing that the District reevaluate C.M. SAC

4

¶ 54. Plaintiffs allege that this was done with the purpose of retaliating against plaintiffs for the IEE request. *Id.* ¶¶ 216-19.

"To establish a prima facie claim of retaliation under § 504, plaintiffs must show that: (1) they engaged in a protected activity; (2) the defendants knew they were involved in the protected activity; (3) an adverse action was taken against them; and (4) a causal connection exists between the protected activity and the adverse action." *Alex G. ex rel. Dr. Steven G. v. Bd. of Trustees of David Joint Unified Sch. Dist.*, 387 F. Supp. 2d 1119, 1128 (E.D. Cal. 2005) (citations omitted).

In a related case, this Court previously found that plaintiffs sufficiently alleged the elements of a Section 504 retaliation claim and denied defendants' motion to dismiss under Rule 12(b)(6). *See* Case No. 09-4624, Dkt. No. 83 at 7 (Dec. 6, 2010). Plaintiffs' allegations in this case are substantially similar to, indeed are more detailed than, the allegations that this Court previously found sufficient. *Compare* Case No. 09-4624, Dkt. No. 62 ¶¶ 92-97, 112-20, *with* SAC ¶¶ 50-60, 216-23. Defendants now renew their motion, arguing in this case that plaintiffs have not properly alleged the retaliation elements. They argue that plaintiffs' request for an IEE was not a protected activity under Section 504, that plaintiffs cannot allege that they suffered an adverse action, and that plaintiffs have failed to allege "but-for" causation. Dkt. No. 121 at 5, 8, 10.

Defendants cite to no change of law since the Court's December 2010 order that would justify the Court making a different finding from the one it previously made. They focus largely on the but-for causation standard, arguing simultaneously that plaintiffs fail to allege but-for causation and that the administrative findings preclude plaintiffs from proving but-for causation. Dkt. No. 121 at 10, 16. To the extent defendants argue that plaintiffs have failed to *allege* "but-for" causation, the Court finds that the SAC does make such allegations. Plaintiffs allege that but for their request for an IEE, defendants would not have proposed a reassessment of C.M. SAC ¶¶ 58-59, 216-17. Whether plaintiffs can ultimately prove this element is another matter.

As to the administrative findings, defendants argue that the administrative law judges found that the District had legitimate motives for proposing a reassessment of C.M., thus precluding any argument from plaintiffs that retaliation was the District's sole motivating factor. Dkt. No. 121 at 10; Dkt. No. 130 at 2-3. Defendants request that the Court take judicial notice of

the underlying administrative decisions that the Office of Administrative Hearings issued in July 2009 and June 2010. *See* Dkt. No. 121-1. However, Federal Rule of Evidence 201 permits a court to take judicial notice only of facts "not subject to reasonable dispute . . . ." Fed. R. Evid. 201. While "a court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not take notice of "the truth of the facts cited therein." *Marsh v. San Diego Cnty.,* 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) (citations omitted). This Court therefore may not consider the administrative findings themselves when deciding a motion for judgment on the pleadings.

Defendants' arguments are better suited to a motion for summary judgment, at which stage this Court can weigh the evidence that the parties put forward. Plaintiffs do not dispute that they will eventually need to prove "but-for" causation and material adversity; they argue instead that these are fact questions that plaintiffs need not prove in their pleadings. *See* Dkt. No. 127 at 1, 11-13. This Court has previously noted that plaintiffs may well have a difficult time proving that compelling reassessment is an adverse action. Case No. 09-4624, Dkt. No. 83 at 7. Nevertheless, as plaintiffs did previously, they have alleged the elements of a prima facie case of Section 504 retaliation, and those allegations are sufficient to survive a motion for judgment on the pleadings. Plaintiffs have stated a plausible claim for relief. Defendants' motion is DENIED.

## II. Plaintiffs' Motion to File Supplement to SAC

In the Court's order of August 27, 2015, the Court granted plaintiffs leave to file a motion to supplement the administrative record. Dkt. No. 116 at 9. In carrying out the narrow mandate of the Ninth Circuit on remand, this Court limited the supplementation to evidence of the following categories of expenses, which this Court had previously denied: "C.M.'s audiology and processing assessments, assessment by Lindamood-Bell Learning Processes, Tomatis therapy, and Lindamood-Bell reading interventions . . . as well as compensatory education services in an intensive remedial reading program through Lindamood-Bell." *Id.* at 8-9.

Rather than filing a motion to supplement the administrative record with evidence of these expenses, on October 13, 2015, plaintiffs filed a motion to supplement the SAC. *See* Dkt. No.

123. Plaintiffs seek to supplement the SAC to add allegations regarding: (1) "items of reimbursement, which they have incurred since the time of their SAC and which are causally linked to Defendants['] denials of a FAPE from April 18, 2007 through June 2009"; and (2) "facts related to C.M.'s remedy of prospective compensatory education to which he is entitled based upon his continuing injury." *Id*. at 6.

Upon examination of plaintiffs' motion and the proposed supplemented complaint, this Court finds that the allegations plaintiffs seek to add do not fall within the additional categories of evidence that the Court specified that it would consider upon remand. Many of the items do not involve reimbursable expenses at all. These include allegations regarding defendants' production of C.M.'s "response-to-intervention" testing data and allegations regarding C.M.'s anxiety and performance in school as it relates to the denial of FAPE. Dkt. No. 123-2 ¶¶ 225-28, 252. Those allegations that do relate to expenses do not fall within the enumerated categories that this Court has said it will allow.[3] *See, e.g., id.* ¶¶ 234 (privately funded sound-based therapy incurred in April 2011), 239 (privately funded educational therapy from Dr. Susan Cotter from August 2011 through June 2012). Plaintiffs also seek to supplement the complaint with allegations regarding their "subsequent and ongoing payments for C.M.'s educational program at Tilden [Preparatory School]. . . ." Dkt. No. 123 at 11. This is despite the fact that this Court has already warned plaintiffs that it would not consider claims for ongoing or future compensatory education. Dkt. No. 116 at 8.

Further, the Court cannot agree with plaintiffs' position that supplementation of the SAC at this stage will not cause undue delay or prejudice to defendants. Including the related cases, this matter is over six years old. In all, there have been three administrative complaints filed before the Office of Administrative Hearings, three cases filed in this Court,[4] and two appeals to the

---

[3] The Court notes that plaintiffs also seek to add allegations regarding a May 2015 evaluation from Linda-Mood Bell Processes. Dkt. 123-2 ¶ 249. Although the Court specified that it would consider evidence for expenses incurred through this service provider, it did so because those expenses were within the remedy that "plaintiffs sought at the administrative level and before this Court, which is also what the Ninth Circuit remanded." Dkt. No. 116 at 8. A May 2015 evaluation does not fall with those parameters.

[4] Case Nos. 09-3668, 09-4624, and 10-4223.

7

Ninth Circuit.[5] At this point in time, this Court is tasked with carrying out what the Ninth Circuit instructed as to the one remaining claim in this case.

The Ninth Circuit issued its opinion in this case more than a year ago. *See M.M.*, 767 F.3d 842 (9th Cir. 2014). Mandate issued on December 12, 2014. Dkt. No. 105. Plaintiffs have been on notice since at least May of this year that defendants intended to file a motion for judgment on the pleadings. *See* Dkt. No. 110 at 9. In the Joint Case Management Statement dated May 8, 2015, plaintiffs stated that they "do not believe further amendment of their complaint is necessary to maintain their §504 discrimination and/or retaliation claims." *Id.* at 8. The parties submitted briefing as to what next steps they anticipated in this case. Defendants reiterated their intent to file a motion for judgment on the pleadings and plaintiffs requested leave to file a motion to supplement the administrative record. *See* Dkt. Nos. 111, 112. On August 27, 2015, this Court set deadlines for both parties' motions. Dkt No. 116. The parties stipulated to extend that deadline into October. Dkt. No. 118. Plaintiffs then waited until after defendants had filed their motion for judgment on the pleadings to move this Court to permit them to supplement the complaint they filed three and a half years ago. *See* Dkt. Nos. 29, 121, 123.

In sum, the Court finds that plaintiffs have not confined their motion to evidence enumerated in the Ninth Circuit's opinion and in this Court's order of August 27, 2015. Supplementation of the SAC at this late stage would also cause undue delay and prejudice to the defendants. As such, plaintiffs' motion is DENIED.

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendants' motion for judgment on the pleadings and DENIES plaintiffs' motion to file a supplement to the SAC.

In its case management order, the Court stated that if defendants' motion for judgment on the pleadings failed, the Court would permit the parties to propose a discovery plan limited to the Section 504 retaliation claim only. Dkt. No. 116 at 11. A further case management conference in

---

[5] *M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842 (9th Cir. 2014); *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082 (9th Cir. 2012).

1  this case is set for December 18, 2015. *See* Dkt. No. 119 at 4. The parties are therefore
2  ORDERED to confer with one another and to present their proposed discovery plan in their Joint
3  Case Management Statement due to the Court one week prior to the conference. The parties
4  should do so bearing in mind that the Court is disinclined to allow extensive discovery on the sole
5  remaining claim at this late stage of the case.

**IT IS SO ORDERED**.

Dated: November 18, 2015

_____
SUSAN ILLSTON
United States District Judge