UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| M.M., et al., <br>            Plaintiffs, <br>     v. <br> LAFAYETTE SCHOOL DISTRICT, et al., <br>            Defendants. | Case No. 10-cv-04223-SI (LB) <br><br> **ORDER APPROVING COMPROMISE OF MINOR'S CLAIMS** <br><br> Re: ECF No. 168 |

## INTRODUCTION

This case concerns C.M. and his parents' claims against the defendants — Lafayette School District and Lafayette Board of Education — for an alleged failure to provide C.M. with a free and appropriate public education in relation to his special education needs as a student with a specific learning disability.[1] C.M. is a high-school student with disability-related deficits in reading and processing.[2]

In 2009, the plaintiffs first initiated administrative proceedings against the defendants under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, and the Rehabilitation Act, 29 U.S.C. § 794.[3] The administrative law judge denied all relief and the

---

[1] ECF No. 168–1 at 2.
[2] *Id.*
[3] *Id.* at 1.

ORDER — No. 10-cv-04223-SI

plaintiffs appealed the decision in the United States District Court.[4] The district court affirmed the decision; the plaintiffs then appealed to the Ninth Circuit.[5] The Ninth Circuit reversed the district court's order and remanded to the district court.[6] The parties disputed the scope of the Ninth Circuit's mandate, but the district court determined that the plaintiff's remedy was reimbursement of educational services that the parents funded through June 2009.[7] In 2016, the district court awarded the plaintiffs $16,654.02 as full reimbursement for the educational services the parents had funded through June 2009.[8] The parties then engaged in court-assisted settlement negotiations and ultimately reached a settlement.[9] The plaintiffs now ask the court to approve the settlement of C.M.'s claims.[10] The court finds that the proposed settlement is reasonable and in the best interests of C.M. and grants the plaintiffs' petition for approval of the settlement.

## GOVERNING LAW

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem* — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id*. (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

---

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.* at 1.

ORDER — No. 10-cv-04223-SI                 2

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

## ANALYSIS

Under the settlement, the defendants will pay $385,000, allocated as follows: (1) the plaintiffs will receive $82,500 as reimbursement for educational services they funded for C.M. and litigation expenses; and (2) attorney Lina Foltz will receive $302,500 for attorney's fees for this case and all related cases.[11]

C.M.'s parents personally funded C.M.'s education through Tilden Preparatory School, thereby advancing their goal to provide C.M. the special-education services that he needs. The court finds the settlement reasonable: it reimburses the parents for funding C.M.'s education and the litigation expenses, and it provides reasonable attorney's fees.

## CONCLUSION

The court approves the minor's compromise.

**IT IS SO ORDERED.**

Dated: January 24, 2017

LAUREL BEELER
United States Magistrate Judge

---

[11] *Id.* at 4.